WARING *vs.* CRAWFORD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The possession of a note, together with the receipt, showing it had been endorsed to another for collection, is evidence of its re-transfer, so as to authorize the holder to sue as owner.

A receipt given by the person to whom a note was endorsed for collection, is admissible in evidence, to show the nature of the endorsement, and that the plaintiff did not part with his interest in the note.

This is an action by the payee against the maker of a promissory note. The plaintiff and payee endorsed the note to one Lawrence, and took his receipt, which showed that it was endorsed merely for collection. The note was afterwards returned, and the plaintiff erased his name from the endorsement, and commenced suit as the payee of the note.

The defendant denied that the plaintiff was the legal holder and owner of the note; and further averred, that he was in no way liable, as the note had been declared, by a competent tribunal in Tampico, to be fully paid. On the trial, the note sued on was offered in evidence. It was made payable to the order of the plaintiff, on which he made the following endorsement: "Pay to the order of James L. Lawrence. January 22d, 1837." Signed, "C. N. Waring."

Lawrence gave a receipt, headed as follows: "Received of Mr. Nicholas Waring, the following documents, *endorsed in my favor, for collection on his account.*"

The note sued on was included in this receipt. It was afterwards returned by Lawrence, and the plaintiff erased his name from the endorsement. The receipt was also offered in evidence to show the nature of the endorsement, and received by the court, but was objected to by the defendant's counsel.

There was judgment for the plaintiff, and the defendant appealed.

*Rawle,* for the plaintiff.

1. The receipt of Lawrence proves that he had no title or interest in the obligation sued on, and that he was the agent only of the plaintiff, from whom he received it for collection. The receipt was properly received in evidence, as it constitutes the very fact which is one of the subjects of inquiry. 1 *Starkie on Evidence, edition of* 1837, *page* 62.

2. The acts, doings and declarations of persons, which are pertinent and material to the issue between the parties, may be received in evidence, especially if against the interest of the actor or declarant, as part of the *res gestæ.* *Williams* vs. *Palmer,* 5 *Louisiana Reports,* 377; *Malchaux* vs. *Lefebvre,* 4 *Martin, N. S.,* 489; *Dismukes* vs. *Musgrove,* 2 *Louisiana Reports,* 340.

3. But if the receipt of Lawrence was not before the court, there would be no evidence that the obligation had ever been out of the possession of the plaintiff, who is the payee. The endorsement or assignment, without delivery, does not constitute a transfer. It is inchoate only. *Chitty on Bills,* page 263; *Ramsay* vs. *Livingston,* 6 *Martin, N. S.,* 17.

*Briggs,* for the defendant.

1. The plaintiff is not shown to be the owner of the note sued on, he having specially endorsed it to a third party, and no re-endorsement having been made thereon, the mere erasure of the special endorsement is no proof. *Chitty on Bills, page* 250, *and note; Arnold* vs. *Bureau,* 7 *Martin,* 291; *Robson* vs. *Early,* 1 *Martin, N. S.,* 374; *Dicks* vs. *Cash et al.,* 6 *idem.,* 45; *Perry* vs. *Gerbeau and Wife,* 5 *idem.,* 14; *Hyde et al.* vs. *Groce,* 7 *idem.,* 572; *Griffin* vs. *Jacobs,* 2 *Louisiana Reports,* 193.

2. That the testimony offered to prove such ownership, to wit: the receipt of the plaintiff's special endorsee is inadmissible, because it is the mere written declaration of a third party, not constituting part of the *res gestæ,* no proof being given that it was given contemporaneously with the endorsement which it is offered to qualify, or that the party was dead, or without the reach of a commission, and that, under

EASTERN DIST. these circumstances, it is *res inter alios acta*. *Starkie on*
*February*, 1840. *Evidence, vol.* 1, *page* 46 ; 312 *et infra* ; *Phillips on Evidence,*
vol. 2, *pages* 444, 641, 645, 585 *and* 668.

WARING
*vs.*
CRAWFORD.

*Martin, J.,* delivered the opinion of the court.

The defendant and appellant from a judgment on his
promissory note, given to the plaintiff, has based his hope of
relief at our hands, on the following grounds :

1. The plaintiff is not shown to be the owner of the note
sued on, he having endorsed it specially to a third party, and
no re-endorsement having been made.

2. The testimony offered to prove the ownership of the
note, was inadmissible.

The possession of a note, together with the receipt, showing it had been endorsed to another for collection, is evidence of its re-transfer, so as to authorize the holder to sue as owner.

I. It appears that the plaintiff had endorsed the note to
one J. L. Lawrence, the 22d January, 1837, and on the 24th
Lawrence gave his receipt therefor, acknowledging that it
had been endorsed to him for collection. The plaintiff on
receiving it back erased his signature to the endorsement:
His possession of the note now corroborates the evidence
which results from Lawrence's receipt ; so that, if the receipt
was properly introduced in evidence, the plaintiff has fully
established his claim to the amount of the note.

A receipt given by the person to whom a note was endorsed for collection, is admissible in evidence, to show the nature of the endorsement, and that the plaintiff did not part with his interest in the note.

II. There cannot be a doubt, that a re-transfer of the note
by Lawrence could be received in evidence. The receipt
was certainly admissible, to show the nature of the endorse-
ment, to wit : that the plaintiff did not thereby part with his
interest in the note. His subsequent possession of it, coupled
with the receipt, is evidence of a re-transfer.

*Testimony* of the *nature* of the endorsement was not
received, and, perhaps, was not admissible. Written evi-
dence could only be received, and it *only* was adduced. If
Lawrence had been sworn as a witness, he could not have
effectually denied the fact, evidenced by his receipt.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.